## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
|                                       |
DEAN LEE,                            :
                                     :
             Petitioner,             :          Civ. No. 16-0477 (RBK)
                                     :
        v.                           :
                                     :
STEVEN JOHNSON, et al.,              :          **MEMORANDUM AND ORDER**
                                     :
             Respondents.            :
_____ :

     The petitioner, Dean Lee, is a state prisoner currently incarcerated at the New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Previously, this matter was administratively terminated as petitioner had failed to file his habeas petition on the proper form. Subsequently, petitioner filed his habeas petition on the proper form such that the Clerk will be ordered to reopen this case.

     In 2004, petitioner was convicted by a jury of murder and weapons offenses and was sentenced to fifty-five years imprisonment with a thirty-year minimum. Petitioner appealed his judgment and conviction. On May 10, 2007, the New Jersey Appellate Division affirmed the judgment but remanded for purposes of resentencing. The New Jersey Supreme Court denied certification on July 16, 2007. Petitioner did not file a writ of certiorari with the United States Supreme Court.

     According to petitioner in his habeas petition, he then filed a post-conviction relief ("PCR") petition with the New Jersey Superior Court on May 22, 2008 which was denied. The Appellate Division affirmed this denial on July 25, 2014. Subsequently, the New Jersey Supreme Court denied certification on petitioner's PCR petition on March 18, 2015. *See State v. Lee*, 221 N.J. 219 (2015). Petitioner does not indicate whether he filed a writ of certiorari with the United

States Supreme Court from the New Jersey Supreme Court's denial of certification on his PCR petition.

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year time limit for a prisoner to bring a Section 2254 habeas challenge to his state conviction and sentence. *See* 28 U.S.C. § 2244(d)(1). That one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In this case, as described above, petitioner did not file a petition for writ of certiorari in the United States Supreme Court on his direct appeal. Thus, his judgment became final ninety days after the New Jersey Supreme Court denied certification on petitioner's direct appeal. *See Swartz v. Meyers,* 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn,* 187 F.3d 333, 337 n.1 (3d Cir. 1999) (noting that state supreme court's decision became final after ninety days because the time for seeking certiorari expired). As the New Jersey Supreme Court denied certification on petitioner's direct appeal on July 16, 2007, his judgment became final ninety days thereafter, or on October 14, 2007.

The statute of limitations is statutorily tolled during the time in which a properly filed state PCR petition is pending. *See* 28 U.S.C. § 2244(d)(2). A prisoner's application for state

collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" *Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (emphasis omitted), including "time limits, no matter their form[.]" *Pace v. DiGigulielmo,* 544 U.S. 408, 417 (2005). Thus, if a state court determines that an application is untimely, that is the end of the matter for purposes of statutorily tolling of the AEDPA limitation period, "regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was entangled with the merits." *Carey v. Saffold,* 536 U.S. 214, 226 (2002). However, "if a state court fails to rule clearly on the timeliness of an application, a federal court 'must ... determine what the state courts would have held in respect to timeliness." *Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 85–86 (3d Cir. 2013) (quoting *Evans v. Chavis,* 546 U.S. 189, 198 (2006)).

Petitioner filed his PCR petition on May 22, 2008, or after 221 days had already elapsed on his one-year statute of limitations period because his judgment became final on October 14, 2007. The New Jersey Supreme Court ultimately denied certification on his PCR petition on March 18, 2015. Petitioner has not indicated whether he sought a writ of certiorari from the United States Supreme Court on his PCR petition. However, this Court notes that the ninety-day period that a petitioner has to file a petition for writ of certiorari from the denial of his PCR petition does not toll the statute of limitations. *See Stokes v. Dist. Attorney of Cnty. of Phila.,* 247 F.3d 539, 542 (3d Cir. 2001) (stating that the time that a state prisoner may file a petition for writ of certiorari to the United States Supreme Court from the denial of his post-conviction petition does not toll the statute of limitations under 28 U.S.C. § 2244(d) (2)).

Pursuant to the prisoner mailbox rule, petitioner is deemed to have filed his original federal habeas petition in this case on January 12, 2016. *See Houston v. Lack,* 487 U.S. 266, 270–71 (1988); *see also Maples v. Warren,* No. 12–0993, 2012 WL 1344828, at *1 n.2 (D.N.J.

Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition."). Thus, assuming that petitioner did not file a petition for writ of certiorari from the New Jersey Supreme Court's denial of certification of his PCR petition on March 18, 2015, an additional 300 days ran on his remaining statute of limitations period from March 18, 2015 until January 12, 2016. However, petitioner did not have 300 days remaining on his statute of limitations period as 221 days had already elapsed by the time that 300-day period began. Accordingly, it appears that petitioner's habeas petition was untimely filed.

Therefore, this Court will order petitioner to show cause why his habeas petition should not be dismissed as time-barred. Indeed, as described above, it appears as if statutory tolling may not save petitioner's habeas petition. In any response to the order to show cause, petitioner shall specifically address if he filed a petition for writ of certiorari with the United States Supreme Court from the New Jersey Supreme Court's denial of his PCR petition on March 18, 2015 as well as the date and outcome of that petition for writ of certiorari if one was filed. Furthermore, petitioner may assert any type of equitable tolling argument that he may have. Petitioner is informed, however, that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (citation omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citation omitted). "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* (citations omitted).

Finally, this Court notes that petitioner has a pending motion to stay and abey these proceedings. However, as petitioner's habeas petition may be untimely, this Court will not rule on that motion until the timeliness issue of the habeas petition is resolved.

Accordingly, IT IS this   28th   day of March, 2016,

ORDERED that the Clerk shall reopen this case; and is further

ORDERED that the petitioner shall show cause within thirty (30) days of the date of this Order why his habeas petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1); petitioner's failure to respond to this order to show cause within thirty (30) days may result in the dismissal of his habeas petition due to untimeliness; and it is further

ORDERED that the Clerk shall serve this Order on petitioner by regular U.S. mail.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge