UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DEAN LEE, | : | |
| Petitioner, | : | Civ. No. 16-0477 (RBK) |
| v. | : | |
| STEVEN JOHNSON, et al., | : | **MEMORANDUM AND ORDER** |
| Respondents. | : | |

  Petitioner, Dean Lee, is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. A Petition for Writ of Habeas Corpus having been filed in the above action, pursuant to 28 U.S.C. § 2254, and the Court having screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), concluding that it does not "plainly appear[ ] from the petition and any attached exhibits that the petitioner is not entitled to relief …."

  IT IS this   7th   day of September, 2016,

  ORDERED that the Clerk of the Court shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

  ORDERED also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of the Order to Answer; and it is further

ORDERED that where the Petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondents may file a Motion to Dismiss the Petition on timeliness grounds only, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an Answer to the merits of the Petition is unnecessary; and it is further

ORDERED that if a Motion to Dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

ORDERED that if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief; and it is further

ORDERED that if the Motion to Dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims; and it is further

ORDERED that if Respondents do not file a Motion to Dismiss the Petition, they shall file a full and complete answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Order; and it is further

ORDERED that Respondents' answer shall respond to each factual and legal allegation of the Petition, in accordance with Habeas Rule 5(b); and it is further

ORDERED that Respondents' answer shall address the merits of each claim raised in the Petition by citing to relevant <u>federal</u> law; and it is further

ORDERED that, in addition to addressing the merits of each claim, Respondents shall raise by way of its answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect

to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

ORDERED that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; and it is further

ORDERED that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

ORDERED that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:**

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

ORDERED that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, see Habeas Rule 5(e); it is further

ORDERED that Respondents shall file a response to Petitioner's motion to stay and abey (Dkt. No. 4) within forty-five (45) days of the date of this Order; no requests for extensions of time shall be granted to Respondents to file this response to the motion to stay and abey; and it is further

ORDERED that Petitioner may file a reply to Respondent's response to his motion to stay and abey within twenty-one (21) days after Respondents' response is filed; no extensions of

time shall be granted to Petitioner to file this reply to his motion to stay and abey; and it is further

      ORDERED that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

      ORDERED that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular U.S. mail.

                                          s/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge