**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| DEAN LEE, | Civ. Action No. 16-477 (RMB) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| STEVEN JOHNSON, Administrator of New Jersey State Prison, and THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY | |
| Respondents. | |

This matter comes before the Court upon Petitioner's motion for a stay and abeyance of his amended habeas petition. (Mot. for Stay and Abeyance, ECF No. 4); and Respondents' motion to dismiss with prejudice the [amended] petition for writ of habeas corpus as untimely, and deny Petitioner's motion for stay and abeyance. (Mot. to Dismiss Pet. for Writ of Habeas Corpus and Deny Petr's Mot. for Stay and Abeyance, ECF No. 17; Brief in Supp. of Mot. to Dismiss Pet. for Writ of Habeas Corpus and Deny Petr's Mot. for Stay and Abeyance, ("Respondents' Brief"), ECF No. 17-2.)

I. BACKGROUND

Petitioner filed his habeas petition under 28 U.S.C. § 2254

on January 20, 2016, and the petition was terminated without prejudice for failure to use the proper form. (Pet., ECF No. 1; Order, ECF No. 2.) On February 17, 2016, Petitioner filed an amended petition. (Am. Pet., ECF No. 3.) On March 28, 2016, the Court ordered Petitioner to show cause why his habeas petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1). (Mem. and Order, ECF No. 5.) Petitioner responded to the Court's Order on June 16, 2016. (Brief in Response to Order to Show Cause ("Petr's Brief"), ECF No. 8.) Petitioner argued that his sentencing remand proceeding was pending in the Law Division between July 16, 2007 (filing date of order denying certification), and May 22, 2008 (filing date of PCR petition), and when that period is excluded from the "habeas clock," Petitioner was in compliance with the one-year filing deadline. (Petr's Brief, ECF No. 8 at 3.) In the alternative, Petitioner requests an opportunity to present an equitable tolling argument based on attorney abandonment. (Id. at 3-4.)

Several weeks later, on March 3, 2016, Petitioner filed a motion for stay and abeyance. (Mot. for Stay and Abeyance, ECF No. 4.) Petitioner asserts that:

> the unexhausted issues were not raised by any of petitioner's counsels throughout all his proceedings. With the help of a paralegal here at the prison and petitioner pouring over the trial transcripts, only then was petitioner able to discover these unexhausted issues. Petitioner also submits

2

> that assigned PCR counsel failed to raise these issues and did not provide adequate consultation or effectively communicate with petitioner concerning the unexhausted issues.

(Id. at 5-6.)

In opposition to the habeas petition and the motion to stay, Respondents submit that Petitioner's habeas petition was not timely filed and should be dismissed with prejudice; and Petitioner's motion for a stay and abeyance should be denied because he cannot amend his untimely habeas petition to add new claims after exhaustion. (Respondents' Brief, ECF No. 17-2 at 2.)

## II. STATUTE OF LIMITATIONS

### A. The Parties' Arguments

In support of the statute of limitations defense, Respondents state that Petitioner was sentenced on April 8, 2004, to an aggregate custodial sentence of 64 years with a 33-year term of parole ineligibility. (Ex. 3, JOC, ECF No. 17-7.) Petitioner filed an out-of-time notice of appeal on March 31, 2005. (Ex. 4, Notice of Appeal, ECF No. 17-8.) The New Jersey Appellate Division permitted Petitioner to proceed with his out-of-time appeal. State v. Lee, 2007 WL 1362618, at *1 (N.J. Super. Ct. App. Div. May 10, 2007.)) The Appellate Division affirmed the convictions but remanded for the purpose of amending the judgment of conviction to merge Counts 1 and 2, and

to resentence Petitioner on Count V, certain persons not to have weapons. Id. at *7-8. Respondents could not locate an amended judgment of conviction or related proceeding. (Respondents' Brief, ECF No. 17-2 at 20.)

The New Jersey Supreme Court denied Petitioner's petition for certification on July 16, 2007. State v. Lee, 192 N.J. 294 (2007). Petitioner filed a petition for post-conviction relief on May 22, 2008. (Ex. 6, PCR Pet., ECF No. 17-10.) The PCR Court denied his petition on August 31, 2010. (Ex. 8, Order and Opinion filed 8/31/10, ECF No. 17-12.) Petitioner did not timely appeal, but on December 20, 2011, the Appellate Division granted Petitioner's motion to file a notice of appeal as within time. (Exhibits 9-14, ECF Nos. 17-13 through 17-18.) The Appellate Division affirmed the denial of Petitioner's PCR motion on July 25, 2014. State v. Lee, No. A-1728-11T1, 2014 WL 3672123, at *1 (N.J. Super. Ct. App. Div. July 25, 2014). On November 7, 2014, the New Jersey Supreme Court granted Petitioner's motion for leave to file a petition for certification within time. (Ex. 18, N.J. Supreme Court Order, ECF No. 17-22.) On March 18, 2015, the New Jersey Supreme Court denied the petition for certification. State v. Lee, 221 N.J. 219 (2015).

Respondents contend that because Petitioner failed to timely appeal the denial of his PCR petition, his statute of

limitations began to run and expired before he filed his habeas petition. (Respondents' Brief, ECF No. 17-2 at 13.) Even forgiving all of the time that elapsed prior to Petitioner's filing of his *pro se* PCR petition, Respondents assert the petition is untimely because Petitioner failed to file a timely appeal from denial of his PCR petition. (Respondents' Brief, ECF No. 17-2 at 21.)

Respondents note that Petitioner's timely notice of appeal of the PCR decision was due on October 15, 2010, and Petitioner's failure to file on that date caused the statute of limitations to begin to run. (Id. at 21-22.) Thus, the habeas clock expired on October 15, 2011, and Petitioner did not file his original habeas petition until January 12, 2016. (Id. at 22.) Finally, Respondents maintain that "even if the filing of the Public Defender's December 7, 2011 notice of motion to file an appeal as within time statutorily tolled Petitioner's habeas clock, that filing was 418 days after the time expired to file an appeal from the denial of his PCR petition." (Id. at 23; Ex. 13, Mot. for leave to appeal as within time, ECF No. 17-17.) As to equitable tolling, Respondents assert that Petitioner is not entitled to equitable tolling based on attorney abandonment because the record does not support Petitioner's due diligence or that extraordinary circumstances existed. (Id. at 25.)

B. <u>Legal Standard</u>

5

28 U.S.C. § 2244(d) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After a petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of certiorari in the

6

United States Supreme Court. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). In this case, the parties have been unable to find a copy the amended judgment of conviction. Additionally, Respondents acknowledge that the issue of whether the time period of October 16, 2010 through December 7, 2011 was tolled pursuant to § 2244(d)(2) is unsettled in the Third Circuit. (Respondents' Brief, ECF No. 17-2 at 16.)

Therefore, the Court reserves ruling on the motion to dismiss and the motion for stay and abeyance and will terminate those motions until a full answer to the amended petition and supplemental briefing on the statute of limitations is provided to the Court. In their supplemental briefs, the Petitioner and the Respondents shall include what actions they have taken to determine when direct appeal remand proceedings concluded, and the date when the amended judgment of conviction was filed. Petitioner may also supplement his equitable tolling argument based on attorney abandonment. Respondents may present any additional arguments on the unsettled issue in the Third Circuit of whether Petitioner's PCR Appeal was pending from October 16, 2010 through December 7, 2011.

**IT IS** therefore on this **21st** day of **September 2017**,

**ORDERED** that the Court reserves ruling on Petitioner's motion for a stay and abeyance of his amended habeas petition (Mot. for Stay and Abeyance, ECF No. 4); and Respondents' motion

7

to dismiss with prejudice the [amended] petition for writ of habeas corpus as untimely, and deny Petitioner's motion for stay and abeyance. (Mot. to Dismiss Pet. for Writ of Habeas Corpus and Deny Petr's Mot. for Stay and Abeyance, ECF No. 17; **and** the Clerk of the Court shall terminate such motions subject to reopening upon Respondents' filing of a full answer to the amended petition; and it is further

**ORDERED** that, within 45 days of the date of this Order, Petitioner and Respondents shall each file a supplemental brief on the issues identified above; and it is further

**ORDERED** that Respondents shall file a full and complete answer to all claims asserted in the amended petition (ECF No. 3) within forty-five (45) days of the entry of this Order; and it is further

**ORDERED** that Respondents' answer shall respond to each factual and legal allegation of the amended petition, in accordance with Habeas Rule 5(b); and it is further

**ORDERED** that Respondents' answer shall address the merits of each claim raised in the amended petition by citing to relevant federal law; and it is further

**ORDERED** that, in addition to addressing the merits of each claim, Respondents shall raise by way of its answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and procedural

default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable time thereafter may be deemed waived; and it is further

**ORDERED** that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; and it is further

**ORDERED** that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

**ORDERED** that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, see Habeas Rule 5(e); it is further

**ORDERED** that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
