**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEAN LEE, | Civ. Action No. 16-477 (RMB) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| STEVEN JOHNSON, *et al.*, | |
| Respondents. | |

**BUMB, DISTRICT JUDGE**

This matter comes before the Court upon Petitioner's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 3), and his Motion for a Stay and Abeyance ("Motion") (ECF No. 4), which the Court construes together. In his Motion, Petitioner raises five ineffective assistance of trial counsel claims, which he alleges post-conviction relief ("PCR") counsel failed to raise on PCR. (Mot., ECF No. 4.) Petitioner seeks a stay and abeyance while he exhausts his ineffective assistance of counsel claims in the state courts. (*Id.*)

The Court previously terminated the Motion, reserving ruling on the matter pending Respondents' filing of a full answer to the Amended Petition. (Mem. & Order, ECF No. 20.) Respondents filed an answer arguing that the Amended Petition is untimely and,

therefore, the Motion should be denied.[1] (Resp., ECF No. 27 at 31.) The Court notes, however, that Respondents have been unable to provide the Court with a copy of Petitioner's amended judgment of conviction (*see* ECF No. 27 at 38-40), indicating that the Amended Petition and Motion may be timely. *See e.g.*, *Gore v. Attorney Gen. of New Jersey*, No. 17-223, 2017 WL 6619228, at *2 (D.N.J. Dec. 28, 2017) ("the § 2254 limitations period runs from [the] date when time to seek review expires after entry of an amended judgment of conviction rather than from the date of the original judgment, where an amended judgment is entered") (citing *Candelario v. Hendricks*, No. 04-2969, 2005 WL 3440473, at *3 (D.N.J. Dec. 14, 2005)).

With respect to Petitioner's Motion, the Court notes that a district court cannot consider a mixed habeas petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (holding a district court must dismiss a § 2254 habeas petition containing exhausted and unexhausted claims). Rather than dismissing a mixed petition, a district court has discretion to stay and hold the petition in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Before granting a stay and abeyance, a district court must determine that the petitioner had good cause for failing to

---

[1] In their answer, Respondents also argue that Petitioner's exhausted claims are meritless.

exhaust his claims in state court prior to bringing his habeas petition, and that his unexhausted claims are not plainly meritless. *Id.* at 277.

Petitioner, who alleges that his PCR counsel failed to raise various ineffective assistance of trial counsel claims, has shown good cause for failing to exhaust his habeas claims prior to bringing his federal habeas petition. The Court has reviewed Petitioner's unexhausted ineffective assistance of counsel claims and finds that they are not plainly without merit.

**IT IS** therefore on this **28th** day of **September 2018**,

**ORDERED** that Petitioner's request to stay the amended habeas petition and hold it in abeyance is **GRANTED**; the amended habeas petition construed together with the motion to stay (ECF Nos. 3 & 4) is stayed and held in abeyance until Petitioner's unexhausted claims have been exhausted in the state courts; and it is further

**ORDERED** that the Court's grant of a stay is conditioned upon Petitioner filing a state court application for post-conviction relief within 45 days from the date of entry of this Order, *see Rhines*, 544 U.S. at 278 ("[D]istrict courts should place reasonable time limits on a petitioner's trip to state court and back."); and it is further

**ORDERED** that within 45 days from the date of entry of this Order, Petitioner shall provide proof to the Court that he is proceeding with his unexhausted claims in state court, failure to

do so will result in this Court striking Petitioner's unexhausted claims and the Court will rule on Petitioner's exhausted claims; and it is further

**ORDERED** that within 30 days of the final state court decision exhausting Petitioner's habeas claims, Petitioner shall notify the Court that Petitioner has exhausted his state court remedies, and requesting the Court to reopen this 2254 habeas proceeding; Petitioner is hereby given notice that failure to notify the Court within the time period allotted will result in the dismissal of the Petition; and it is further

**ORDERED** that the Clerk of Court shall administratively terminate this action, subject to reopening upon this Court's Order.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge